IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRENT HENDERSON (TDCJ No. 2128726), | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:17-cv-3204-M-BN |
| HUTCHINS STATE JAIL, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The Court has granted Plaintiff Trent Henderson leave to proceed *in forma pauperis* ("IFP"). And the undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action.

**Applicable Background**

Henderson, a Texas inmate, brings this civil rights action under 42 U.S.C. § 1983 against official at Hutchins State Jail alleging that a letter he sent to the Social Security Administration containing confidential information, including his medical history, should have been sent as sealed correspondence. *See* Dkt. No. 3 at 3. Related to this allegation is a grievance response explaining to Henderson that, "[i]n accordance with Board Policy 03.91[,] correspondence addressed to/from the social

-1-

security administration is general mail" and that therefore "[t]he Hutchins Unit mailroom staff processed [his] mail in accordance with the rules" and "[n]o further action will be taken." *Id.* at 8; *see also id.* at 9 (receipt from the mailroom indicating that Henderson's correspondence "[d]oes not qualify for sealed correspondence per Board Policy 03.91"). Through this action, Henderson seeks "compensation for [his] private records and identity being compromised." *Id.* at 3.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action if, for example, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The same requirement applies to a civil action filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" regardless whether the prisoner is proceeding IFP. 28 U.S.C. § 1915A; *see Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) ("a suit by a prisoner against state agencies and officers ... is clearly within the ambit of section 1915A" and requires screening "even when a prisoner has paid the required filing fee").

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the now-familiar framework of *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Here, Henderson's only basis for recovery under Section 1983 is his disagreement with a state-created rule for handling prisoner mail. *See generally* Dkt. No. 3. But, "absent some showing that the defendants violated [a plaintiff's] *federal* constitutional rights, complaints about the violation of state statutes, state procedural or evidentiary rules, or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983." *Rodarte v. Beneficial Tex. Inc.*, No. SA-16-CA-71-RP, 2016 WL 1312637, at *8 (W.D. Tex. Apr. 4, 2016) (collecting cases, emphasis in original, and concluding that where a plaintiff "alleges merely that any of the defendants failed to comply with ... state procedures for handling prisoner mail ... those allegations, standing alone, do not provide even an arguable basis for recovery

or for a finding that [a plaintiff] is entitled to any relief under Section 1983").

**Recommendation**

The Court should summarily dismiss this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE